FILED
United States Court of Appeals
Tenth Circuit

February 2, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

WALTER PAYTON,

        Petitioner - Appellant,

v.

STATE OF KANSAS,

        Respondent - Appellee.

No. 14-3209
(D.C. No. 5:14-CV-03059-SAC)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, Chief Judge, **LUCERO** and **BACHARACH**, Circuit Judges.

Walter Payton, proceeding pro se, seeks a certificate of appealability (COA) to appeal from the district court's dismissal of his federal habeas application. We deny a COA and dismiss this matter.

Mr. Payton was convicted of Kansas rape charges. The district court dismissed his first 28 U.S.C. § 2254 habeas application as time-barred and his second and third § 2254 applications as successive. In April 2014, Mr. Payton filed a "Motion to Proceed Pursuit [sic] 28 U.S.C. 2241," R. at 3, asserting that the untimeliness of his first § 2254 application was due to his retained counsel's failure

---

[*]    This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

to file it as promised. Citing Fed. R. Civ. P. 59(e), he also requested the district court to amend the judgment. The district court held that Mr. Payton could not proceed under § 2241, and that to the extent he sought relief under Rule 59(e), the motion was untimely. Further, the court held, "to the extent that this matter may be construed as a successive petition for habeas corpus," Mr. Payton was required to obtain this court's authorization before the case could proceed. R. at 7-8.

To appeal, Mr. Payton must obtain a COA. *See* 28 U.S.C. § 2253(c). To do that, he must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Mr. Payton's motion is directed not toward the execution of his sentence, but toward his earlier § 2254 proceedings. Accordingly, the district court correctly held that he could not proceed under § 2241. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 habeas and [28 U.S.C.] § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence."). The district court also correctly held that the motion was untimely under Fed. R. Civ. P. 59(e).

But liberally construed, the filing could be considered as equivalent to a Fed. R. Civ. P. 60(b) motion attacking the district court's decision that the first

§ 2254 application was time-barred. A Rule 60(b) motion challenging the integrity of earlier federal habeas proceedings is not required to be treated as a successive § 2254 application, so it need not be authorized by this court before proceeding in the district court. *See Gonzalez v. Crosby*, 545 U.S. 524, 532-33 (2005) (stating that a motion alleging misapplication of statute of limitations in the earlier habeas case alleged a deficiency in the federal habeas proceedings that did not require authorization as a second or successive § 2254 application). Accordingly, reasonable jurists could debate whether the district court lacked jurisdiction to consider this filing.

Even assuming, however, that the district court may have erred in its procedural determination, reasonable jurists could not debate whether the filing states a valid claim of the denial of a constitutional right. Mr. Payton claims that the untimeliness of his first § 2254 application was due to his counsel's inaction. But there is no constitutional right to counsel in a post-conviction proceeding. *See Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012); *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Therefore, even if counsel performed inadequately by failing to timely file the first § 2254 application, no reasonable jurist could conclude that Mr. Payton was deprived of a constitutional right. *See Coleman*, 501 U.S. at 752 (where there is no constitutional right to counsel, a petitioner cannot claim constitutionally ineffective assistance of counsel); *Smallwood v. Gibson*, 191 F.3d 1257, 1266 n.4 (10th Cir. 1999) (same).

Mr. Payton's motion to proceed in forma pauperis is granted.  The request for a COA is denied and this matter is dismissed.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk